## CIRCUIT COURT OF HENRICO COUNTY

In re Application of
Douglas G. Mack

### February 3, 1993

BY JUDGE JAMES E. KULP

This matter is before the Court upon the application of Douglas G. Mack for a concealed weapon permit. The matter was referred to the Henrico County Division of Police for investigation and comment pursuant to the provisions of § 18.2–308 of the Code of Virginia. Upon a review of the application, the Court found Mr. Mack to be of good character but found that he had failed to demonstrate a need for a concealed weapon. An order was entered denying the application on January 8, 1993.

Upon the request of Mr. Mack, the matter was set upon the Court's docket, and an ore tenus hearing was conducted on January 15, 1993.

A concealed weapon permit was granted to Mr. Mack by this Court on December 21, 1990. In his 1990 application, Mr. Mack gave as his reasons for the need for a concealed weapon: (1) that he was cost control coordinator for Thalhimers and carried confidential materials to and from his office; and (2) that he was a collector of antiques and traveled to shows/shops/locations in Virginia in order to purchase antiques, and this involved carrying items of significant value.

In his present application, Mr. Mack gave the following reasons for needing a concealed weapon: (1) that he was employed as a Budget Analyst Senior with the Division of Housing and Community Development. That the Agency moved into the Jackson Center, in the Jackson Ward area of Richmond, and due to incidents in the neighborhood, he needed to carry a concealed weapon to and from work; (2) that he is business manager for a business in Henrico which requires him to assist in transportation of art works and cash receipts; (3) that he collects antiques and carries items of significant value.

Upon a careful review of Mr. Mack's application and his presentation to the Court on January 15, 1993, the Court is of the opinion that good cause exists to refuse to reissue a new permit.

In this Court's opinion, it is beyond peradventure that the General Assembly of Virginia would have contemplated or would authorize concealed weapons permits to be granted to employees of the Commonwealth whose offices happened to be in the City of Richmond or elsewhere. To give such an expansive and strained interpretation to § 18.2–304 would require Courts to grant concealed weapon permits to all persons employed in the City of Richmond, be they State employees or otherwise.

The Court is cognizant of the crime statistics for the City of Richmond, but the Court is unwilling to find that the City of Richmond is so dangerous that persons who venture into the City should carry concealed weapons. In the Court's opinion, Mr. Mack is not subjected to any more danger than any other person employed in the City.

Mr. Mack, as well as any citizen, can carry a weapon in his car as long as it is not concealed. This means that Mr. Mack is unprotected only while walking to and from his vehicle. While Mr. Mack states that he keeps his weapon in a locked drawer while at work, nothing in the law compels him to do so, and he would be free to carry a concealed weapon everywhere he might go both inside and outside of his office.

The Court further finds that the other reasons outlined by Mr. Mack do not in themselves warrant the issuance of a concealed weapon permit. From time to time, most citizens carry valuables, including cash, in their vehicles. If this were sufficient criteria for the issuance of a concealed weapon permit, then all citizens are entitled to a concealed weapon permit. If the legislature had intended such a result, it surely would have said so.

For these reasons, the Court denies the reissuance of a concealed weapon permit.